RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/27/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JONATHAN HUNTSBERRY | CIVIL ACTION NO. 10-1769 |
| -vs- | JUDGE DRELL |
| WILLAMETTE VALLEY CO. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a Motion for Summary Judgment (Doc. 14) filed by Willamette Valley Co. ("Willamette").[1] We have considered the parties' arguments and after careful examination of the facts in the record, the motion will be **GRANTED** and Plaintiff's claims will be **DISMISSED with PREJUDICE**.

I. Factual and Procedural Background

Plaintiff filed suit on September 8, 2010 in the 9th Judicial District, and Willamette removed the case to this Court on November 29, 2010. In his Petition (Doc. 1, Exhibit A), Plaintiff asserts he worked at Willamette's Pineville location beginning in 1988 until his termination on September 8, 2009 when he was 44-years-old. Plaintiff claims he was the victim of age discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. § 2000, *et seq.*, the Age Discrimination in Employment Act (the

---

[1] Plaintiff identifies Defendant as "Williamette Valley Company" while Defendant uses the spelling "Willamette" in its Answer (Doc. 5). For the sake of consistency, we use Defendant's spelling.

"ADEA"), codified at 29 U.S.C. § 621, *et seq.*, and La. R.S. 23:301, *et seq.*. In support of his claims, Plaintiff alleges that, shortly before his termination, he was approached by the plant manager, Danny Arrington, and questioned regarding employee morale. Plaintiff alleges he relayed certain employee concerns in a subsequent conversation with Mr. Arrington, Mr. Arrington became "hostile" with Plaintiff before quickly ending the conversation, and Plaintiff was terminated and then escorted off the facility approximately a week after this conversation.

Plaintiff completed an intake questionnaire with the Equal Employment Opportunity Commission ("EEOC") on January 22, 2010 and alleged employment discrimination based on age <u>and</u> retaliation. (Doc. 19, Exhibit 2). On March 9, 2010, Plaintiff filed a Charge of Discrimination with the EEOC based solely on age and asserted he was replaced by "a younger employee in their 20's." (Doc. 14, Exhibit 3). The EEOC issued a Dismissal and Notice of Rights to Plaintiff on April 28, 2011 (Doc. 14, Exhibit 8), <u>after</u> Plaintiff filed the present suit on September 8, 2010.

Defendant filed its Motion for Summary Judgment on November 28, 2011 (doc. 14) to which Plaintiff responded (Doc. 19). The matter is now ripe for disposition.

II. <u>Law and Analysis</u>

    A. Motion for Summary Judgment

A court "shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the

2

standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

B.   Age Discrimination

1.   *Administrative Procedure*

It is well settled that "a plaintiff must first exhaust his or her administrative remedies for claims brought under the ADEA, . . . and Title VII before filing suit." Jefferson v. Christus St. Joseph Hospital, 374 Fed. Appx. 485, 489–90, 2010 WL 835587, *4 (5th Cir. 2010) (citing Foster v. Nat'l Bank of Bossier City, 857 F.2d 1058, 1060 (5th Cir. 1988) (ADEA); McClain v. Lufkin Indus., 519 F.3d 264, 273 (5th Cir. 2008) (Title VII)). However, the administrative remedies under the ADEA and Title VII are not identical. A claim under either scheme requires the plaintiff file a written charge with the EEOC with the alleged act(s) of discrimination; however, "[a]lthough Title VII provides that the right to suit does not arise until after the EEOC has issued a right-to-sue notice, the ADEA has no such requirement." Julian v. City of Houston, 314 F. 3d 721, 725 (5th Cir. 2002) (citations omitted).

3

As the Fifth Circuit stated in Julian, "[u]nder the plain language of [29 U.S.C.] § 626(d), 'the claimant's independent right to sue arises automatically upon the expiration of sixty days after filing of the charge with the EEOC.'" Id. at 726 (citations omitted). In the present case, Mr. Huntsberry filed suit on September 8, 2010 which is more than sixty days after his EEOC charge filed on March 9, 2010. Mr. Huntsberry did not fail to exhaust his age discrimination claim under ADEA in this regard.

    2. *Prima Facie Elements under the ADEA and La. R.S. § 23:312*

However, Mr. Huntsberry's age discrimination claim does not survive a motion for summary judgment. He has failed to assert a prima facie case of age discrimination. Plaintiff has asserted no direct evidence that his age played a role in his termination; therefore, he is relying solely on circumstantial evidence and assumptions. To establish a prima facie case of age discrimination based on circumstantial evidence, a plaintiff must show that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age. Berquist v. Washington Mutual Bank, 500 F. 3d 344, 349 (5th Cir. 2007) (quotations and citations omitted); see also LaBove v. Raftery, 802 So.2d 566, 573 (La. 2001).[2]

---

[2] In LaBove, the Louisiana Supreme Court announced essentially identical elements for a prima facie case of age discrimination under Louisiana law: "(1) the plaintiff is between forty and seventy years of age; (2) the plaintiff was qualified for the job at issue; and (3) an employee outside the protected class was treated more favorably." Id. (citing Deloach v. Delchamps, Inc., 897 F.2d 815, 818 (5th Cir. 1990)).

In its Motion for Summary Judgment, Defendant "concedes the first three prongs have been met." (Doc. 14 at p. 9). However, the evidence presented shows that Mr. Huntsberry is unable to show a genuine dispute of material fact that he can meet the fourth and final prong (and its subparts) required to prove his prima facie case.

During his deposition, Mr. Huntsberry admitted that the only reason he *thought* he was replaced by a younger person was based on secondhand, hearsay information from a former colleague, Charles McQueen, and Plaintiff has provided nothing beyond this conclusory assertion. (Deposition, Doc. 14-3, Exhibit 1 pp. 41 & 69). In contrast, the record includes a declaration of Machelle Gagnard, the General Manager of Human Resources and Administrative Support at Defendant's Pineville plant. In short, Ms. Gagnard declares that Mr. Huntsberry was replaced first by Robert Fisher who was 48 at the time of Mr. Huntsberry's termination and then by Charles McQueen who was 50 at the time of Mr. Huntsberry's termination. (Declaration, Doc. 14-3, Exhibit 2).[3] There is no genuine dispute of material fact that Plaintiff was *not* replaced by someone outside the protected class (i.e., younger than 40 years old); accordingly, Defendants are entitled to judgment as a matter of law that Mr. Huntsberry's termination was not based on age discrimination.

---

[3] According to Ms. Gagnard's declaration, Joseph Clark was hired temporarily to take the position vacated by Charles McQueen when Mr. McQueen assumed Mr. Huntsberry's former position. Mr. Clark was younger than 40 at the time he assumed the assistant position and was hired from a temporary service. He left the position after working approximately two months. (Declaration, 14-3, Exhibit 2). Mr. Clark cannot be considered to have "replaced" Mr. Huntsberry because Mr. Clark did not fill Mr. Huntsberry's former position on either a temporary or permanent basis.

### C. Hostile Work Environment

A plaintiff may advance a claim for hostile work environment based on age discrimination by establishing that (1) he was over the age of 40; (2) the employee was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. Dediol v. Best Chevrolet, Inc., 655 F.3d 435, 441 (5th Cir. 2011) (citing Crawford v. Medina General Hosp., 96 F.3d 830, 834–35 (6th Cir. 1996)). Mr. Huntsberry has met the first element, but the record is void of any evidence that he was subjected to any harassment based on his age. Plaintiff's opposition makes a conclusory reference to some comments made by Danny Arrington, but the contents of such comments are not identified in the record nor are they in any way linked to Mr. Huntsberry's age. In fact, during his deposition, Mr. Huntsberry responded "No ma'am" when asked "During the time that you worked at the company, did anyone make any comments to you about your age?" (Deposition, Doc. 14-3, Exhibit 1 at p. 93). Finding no genuine dispute of material fact concerning Plaintiff's hostile work environment claim, we find Defendant is entitled to summary judgment as to this claim as well.

### D. Retaliation

In order to establish a prima facie case for retaliation, the plaintiff must provide evidence that:

(1) he was engaged in a protected activity;

(2) an adverse employment action occurred; and

(3) a causal link existed between the protected activity and the adverse action.

Septimus v. Univ. of Houston, 399 F.3d 601, 610 (5th Cir. 2005) (internal citations omitted).

Plaintiff fails to assert facts that he was engaged in a protected activity prior to his termination. The complaint states Plaintiff relayed the concerns of other employees to the plant manager Mr. Arrington, and Mr. Arrington became "hostile" during the conversation, and Plaintiff was terminated about a week after the conversation.[4] The only facts which hint of retaliation are found in Mr. Huntsberry's deposition when he stated he questioned Mr. Arrington about alleged chemical dumping by the plant.[5] (Deposition, Doc. 14-3, Exhibit 1 at p. 31). Questioning his supervisor about such chemical dumping is not related to alleged age discrimination and is not protected under the ADEA.

Rather, Plaintiff appears to be asserting an arguable environmental whistleblower claim pursuant to La. R.S. § 30:2027. However, it appears Mr. Huntsberry did not (and has not) engaged in a protected activity by actually blowing a whistle on Defendant's alleged activities as is required under the statute. For the

---

[4] Despite checking the "retaliation" box on his EEOC intake questionnaire (and not on the Charge of Discrimination) (Doc. 19, Exhibit 2), Mr. Huntsberry has alleged no facts which even suggest his termination was in retaliation for him having taken action protected under the ADEA for age discrimination.

[5] Mr. Huntsberry recalls saying to Mr. Arrington: "I want to ask you why are we still throwing these chemicals in the garbage dump." (Deposition, Doc. 14-3, Exhibit 1 at p. 31).

sake of argument, even if we were to assume Mr. Huntsberry's inquiries regarding the chemical dumping do qualify as a disclosure to a supervisor under La. R.S. § 30:2027, he has also failed to assert an environmental law, rule, or regulation which Defendant has allegedly violated. Roberts v. Florida Gas Transmission Co., 447 Fed. Appx. 599, 602, 2011 WL 5119529, at *3 (5th Cir. 2011).[6] Finally, Mr. Huntsberry is unable to identify facts to support "a showing that [Defendant] was motivated to fire [him] because of [his] disclosures of an environmental violation" as is required by the statute. Powers v. Vista Chemical Co., 109 F.3d 1089, 1094–95 (5th Cir. 1997). Similar to the situation in Powers, the "alleged aggressive behavior" of Mr. Arrington toward Mr. Huntsberry "cannot give rise to an inference of a § 2027 retaliation absent evidence suggesting that [the employer] was motivated to terminate [Plaintiff] on the basis of the environmental disclosure." Id. at 1095.

The record contains numerous declarations from Mr. Huntsberry's supervisors who had personal knowledge that "Mr. Huntsberry had become increasingly difficult to work with and was uncooperative, argumentative and combative towards the Company's management and other employees." (Declarations, Doc. 14-3, Exhibits 4, 5, & 6). In summary, Plaintiff has provided no facts to support a claim for retaliation either under the ADEA, Title VII, or La. R.S. § 30:2027.

---

[6] The Court recognizes that Roberts is unpublished, but the reasoning of the Fifth Circuit is particularly applicable to the case at hand: "Although the absence of such a reference [to an environmental law, rule, or regulation] is not dispositive, any complaint regarding an employment practice which might have some hypothetical consequence on the environment does not amount to a reasonable belief that the practice is against the law. It is the obligation of a plaintiff to establish that he held such a belief . . . ." Id. at *603. Similarly, Mr. Huntsberry has provided no indication that the alleged "chemical dumping" was done in such a way as to violate any environmental law, rule, or regulation as required to constitute protection under La. R.S. § 30:2027.

III. <u>Conclusion</u>

For the foregoing reasons, we find no genuine dispute as to any material fact concerning Plaintiff's claims for age discrimination, hostile work environment, or retaliation and find Defendant is entitled to judgment as a matter of law on all claims. Accordingly, Defendant's Motion for Summary Judgment (Doc. 14) will be **GRANTED** and Plaintiff's claims will be **DISMISSED WITH PREJUDICE**. Disposition will enter by a separate judgment.

SIGNED on this 27 day of August, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE